IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 7:17-00094-TMC |
| | ) |
| vs. | ) |
| | ) |
| SOK BUN | ) |
| PAUL RAY DAVIS | ) |
| JHON MARLON ACOSTA | ) |
| JAMES ROBERT PETERSON | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CHANGE TRIAL DIVISION**

The United States, by and through, respectfully submits this Response in opposition to Defendants' motion to change trial division. Pursuant to Fed. R. Crim. Pro. 18, the defendants, by and through counsel, moved the Court, to transfer the trial location from the federal courthouse in Anderson, South Carolina to Spartanburg, South Carolina.[1] For the reasons stated herein, the Government opposes the motion.

Applicable Law

A criminal defendant has the right to a trial by an impartial jury, but does not have a constitutional nor statutory right to a trial in a specific division within the district where the crime was committed. In other words, trial of a case is only guaranteed "within a particular judicial district"- not in any particular "division within" that judicial district. *United States v. Anderson*, 328 U.S. 699, 704-05 (1946); *United States v. Truglio*, 731 F.2d 1123, 1130 (4th Cir. 1984), *cert. denied*, 469 U.S. 862 (1984)(court's facilities and ability to try lengthy complex case part of Rule 18 analysis; district court did not abuse its discretion in holding trial in Clarksburg,

---

[1] ECF #81, #84, #89, #98. No trial has been scheduled in the case.

West Virginia, rather than Wheeling, West Virginia, 122 miles and three hours driving time away, even though all defendants and their witnesses resided in Wheeling"), *citing*, *United States v. Florence*, 456 F.2d 46, 50 (4th Cir. 1972)(balancing of actual inconvenience to defendant and his witnesses in denying intradistrict transfer while also considering geographical disparity); *United States v. Wattree*, 431 F.3d 618, 621 (8th Cir. 2005)(no right to a particular division of the district and "district court has broad discretion where within a district the trial is held", (citing, *United States v. Davis*, 785 F.2d 610, 616 (8th Cir. 1986).

The location of intradistrict criminal trials are governed by Fed. R. Crim. Pro. 18, which provides:

> Unless a statute, or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim and the witnesses, and the prompt administration of justice.

Fed. R. Crim. Pro. 18.

Prior to the July 1, 1966 amendment to Rule 18, courts were required to set the place of trial within the division in which the alleged offense was committed.[2] The 1966 amendment operated to vest discretion in the court to fix the trial at any place within the district. *See Committee Note to 1966 Amendment of Rule 18, 18 U.S.C.A. following Rule 18, at p. 113 which provides:* the amendment eliminates the requirement that the prosecution shall be in a division in which the offense was committed and vests discretion in the court to fix the place of trial at any place within the district with due regard to the convenience of the defendant and his witnesses.

The place of trial is within the sound discretion of the district judge. Fed. R. Crim. Pro.

---

[2] Defendants' motion implies that because the pending indictment indicates the case is a Spartanburg Division, no other division is appropriate. Based on the facts of the case, the Anderson Division and the Greenville Division are also proper divisions under which the case could have been charged.

2

18.  As long as the court gives due regard to the Rule 18 factors when ruling on a motion for intradistrict transfer, it can be overruled only if defendants can prove abuse of discretion or prejudice. *Florence, supra,* at 50; *Truglio, supra,* at 1130.

### Title 28 U.S.C. §121(10) Does Not Mandate Division Transfer

The defendants' reliance on Title 28 U.S.C. §121 is misplaced because the statute does not direct the intradistrict place of court proceedings; it merely sets statutory divisions in the district and names places of holding court.    *Oltman v. Currie,* 231 F. Supp. 654 (E.D.S.C. 1964), *citing 28 U.S.C. § 121(a),* (Defendants who resided in Charleston Division of Eastern District of South Carolina failed to sustain their burden establishing inconvenience of witnesses and interests of justice as justification for their motion to transfer automobile collision case from Charleston Division to Orangeburg Division of Eastern District of South Carolina).    Further, the text of the Jury Selection and Service Act of 1968, makes clear that there is no statutory directive as to the place of intradistrict court proceedings.    Title 28 U.S.C.A. Sec. 1869(e) (2) provides: where there are not statutory divisions of a district court but only places for holding court, or statutory divisions that contain *more than one place of holding court*,  "division" is defined as "such counties, parishes, or similar political subdivisions surrounding the places where court is held as the district court plan shall determine: Provided, That each county, parish, or similar political subdivision shall be included in some such division . . .." *Id*.

Therefore, the Rule 18 factors govern the Court's placement of trial in this case.    To the extent the motion addresses the Rule 18 factors, nothing in the defendants' motion undermines the fact that after consideration of all Rule 18 factors, a trial of this case in the Anderson Division will enable the parties and the court to efficiently litigate this case without prejudice to either party.    The defendants are not able to establish any actual prejudice nor inconvenience.

All the defendants are in custody, therefore, none will be responsible for his transportation to court, regardless of the location.   The general statement offered by the defendants regarding the inconvenience an Anderson trial may have on family and friends – not witnesses nor victims, is not a sufficient basis for the relief sought.

<u>Conclusion</u>

Based on the foregoing, defendants' motion should be denied.

                Respectfully submitted,

                BETH DRAKE
                UNITED STATES ATTORNEY

BY:   s/*Leesa Washington*
        Leesa Washington (I.D. No. 6973)
        Assistant United States Attorney
        55 Beattie Place, Suite 700
        Greenville, SC 29601
        Tel. (864) 282-2100

May 30, 2017